**NOT FOR PUBLICATION**

| | |
|---|---|
| **LAVADA FIELDS,** | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF NEW JERSEY** |
| **Plaintiff,** | |
| | **Hon. William J. Martini** |
| -vs- | **Civil Action No. 08-2016 (WJM)** |
| **IGOR ZUBKOV, V & R TRUCKING INC., and JOHN DOES 1-10 and ABC CORPS. 1-10,** | **REPORT AND RECOMMENDATION** |
| **Defendant.** | |

## INTRODUCTION

Before the Court are Plaintiff's motions to remand this case to state court and for leave to file an amended complaint. (Docket Entry No. 5) Defendants Igor Zubkov and V & R Trucking, Inc. ("Defendants") have opposed the motion. The Court has considered the papers submitted and rules without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, it is respectfully recommended that Plaintiff's motion to remand the case for lack of subject matter jurisdiction be **denied**. However, it is further recommended that Plaintiff's motion for leave to file an amended complaint be **granted** and because diversity jurisdiction will be destroyed by the amendment, **the case should be remanded to state court.**

## BACKGROUND

**A.  Procedural History**

This is an action for personal injuries resulting from a motor vehicle accident. Plaintiff filed in state court on January 9, 2008. Defendants removed the case to this Court on April 24, 2008,

asserting diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446. On June 18, 2008, Plaintiff filed this motion seeking to remand the case because the $75,000 amount in controversy requirement is not met.   Plaintiff also seeks leave to file an amended complaint to join New Jersey Citizens United Reciprocal Exchange ("NJ CURE"), a non-diverse defendant whose addition would destroy diversity jurisdiction.

**B.  Facts**

Plaintiff, Lavada Fields, is a resident and citizen of the State of New Jersey.  Defendant, Igor Zubkov, is a citizen and resident of the State of New York.  Defendant, V & R Trucking, Inc., is a Pennsylvania corporation, incorporated in Pennsylvania , with its principal place of business located in Bensalem, Pennsylvania. (Notice of Removal ¶¶ 5-7).

Plaintiff's Superior Court complaint alleges that on September 26, 2007, Defendant, Igor Zubkov, negligently and carelessly operated a tractor trailer owned by Defendant, V & R Trucking, Inc., which resulted in a collision with Plaintiff's vehicle and consequent injuries to Plaintiff. (Compl. First Count ¶ 2).  Plaintiff's complaint alleges that as a result of Defendants' negligence, Plaintiff sustained "severe permanent injuries," was caused to suffer "great pain and anguish" and "will in the future continue to endure great pain and suffering." (Compl. First Count ¶ 3).  Plaintiff further averred that she incurred medical expenses and suffered lost wages as a result of the accident and that Plaintiff's motor vehicle was damaged and depreciated in value. ( Id.; Fourth Count ¶ 2).  The complaint is silent as to the amount of Plaintiff's damages and contains no limitation on the damages sought.

On April 16, 2008, Defendants served Plaintiff with a Request for Statement of Damages pursuant to New Jersey Court Rule 4:5-2. (Def. Br. 2).  According to Plaintiff, she was not able to

provide a timely response to Defendants' request because she was not in possession of the medical records necessary to do so. (Pl. Br.1).

Defendants removed the case to this Court on April 24, 2008, asserting federal jurisdiction because it arises between citizens of different states and satisfies the statutory jurisdictional amount in controversy. On May 9, 2008, Plaintiff served a written statement of damages on the Defendants wherein she asserted damages in the amount of $65,000 and requested that Defendants consent to remand of the action to state court. (Pl. Br.1). On May 13, 2008, Plaintiff served a second statement of damages on Defendants wherein she again stated damages in the amount of $65,000. ( Id.).

On or about June 5, 2008,[1] Plaintiff was advised by her no-fault insurance carrier, NJ Cure, that it would not approve further medical treatment for Plaintiff's injuries sustained in the September 26, 2007 accident. (Pl. Br. 2). NJ Cure is a New Jersey insurance company located in Princeton. (Pl. Br. 2). On June 18, 2008, Plaintiff filed this motion seeking to remand the case and for leave to file an amended complaint to join NJ Cure as a defendant.

## DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff argues that this Court does not have subject matter jurisdiction over the case because the amount in controversy requirement is not met. Plaintiff maintains that Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007) and predecessor decisions require a finding that there is no federal jurisdiction. Conversely, Defendants maintain that Frederico dictates a finding that jurisdiction is proper here. The Court agrees with Defendants and finds the case was properly

---

[1] On June 2, 2008 and June 5, 2008, the parties had telephone conferences with the undersigned to discuss whether jurisdiction was proper.

3

removed.

The analysis to be used in ascertaining the requisite amount in controversy is set forth in Frederico v. Home Depot, 507 F.3d 188 (3d Cir. 2007). Frederico discussed and clarified two previous Third Circuit opinions, Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006) and Samuel-Bassett v. KIA Am., Inc., 357 F.3d 392 (3d Cir. 2004), which had resulted in some confusion in the district courts.

When the complaint does not specifically aver that the amount in controversy is less than the jurisdictional amount and in the absence of jurisdictional fact disputes, the district court should adhere to the "legal certainty" test established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). See Frederico, 507 F.3d at 194, 197; Samuel-Bassett, 357 F.3d at 398. Under the Red Cab legal certainty test, a case should be dismissed or remanded only when "the *challenger* to subject matter jurisdiction" can prove to a legal certainty that the amount in controversy "could *not* exceed the statutory threshold." Frederico, 507 F.3d at 195 (second emphasis added). [2]

In cases removed to federal court, "determining the amount in controversy begins with a reading of the complaint filed in state court." Samuel–Bassett, 357 F.3d at 398. Here, Plaintiff's complaint contains no statement or stipulation regarding the monetary amount of Plaintiff's damages. To determine the amount in controversy, the Court is free to consider the complaint, the notice of

---

[2] A different standard applies when a plaintiff's complaint expressly states that the amount sought is less than the statutory threshold. If the plaintiff's complaint contains such an express stipulation, a defendant may still attempt to remove the case to federal court by proving "to a legal certainty that plaintiff *can* recover the jurisdictional amount." Frederico, 597 F.3d at 197 (emphasis added).

removal, and the submissions related to Plaintiff's motion to remand.  See Faltaous v. Johnson & Johnson, No. 07-1572, 2007 WL 3256833, at *6 (D.N.J. Nov. 5, 2007) (citing USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.12 (3d Cir. 2003)).  The ultimate determination regarding the amount in controversy requires a "reasonable reading of the value of the rights being litigated." Angus v. Shiley, 989 F.2d 142, 146 (3d Cir. 1993).

In support of their argument that there is a potential for Plaintiff to recover in excess of the jurisdictional amount, Defendants point to allegations contained in Plaintiff's complaint that Plaintiff sustained severe permanent injuries, suffered great pain and anguish, and in the future will continue to endure great pain and suffering. (Compl. First Count ¶ 3).  Defendants also note that Plaintiff refused to limit her recovery to an amount below the jurisdictional amount. (Def. Br. 2).  Plaintiff's argument is that she responded to a demand for a statement of damages by indicating her damages were $65,000.

Plaintiff's non-binding statement of damages has no effect on jurisdiction. It is well-established that "a plaintiff may not, after removal, by stipulation, by affidavit, or by amendment of the pleadings, reduce the amount in controversy to deprive the district court of jurisdiction." Kolokowski v. Crown Equipment Corp., No. 05-4257 2005 WL 3320777, at *2 (D.N.J. Dec. 6, 2005) (citing Albright v. R. J. Reynolds Tobacco Co., 531 F.2d 132, 135 (3d Cir. 1976)). See also Red Cab, 303 U.S. at 292 (district court jurisdiction is not defeated where plaintiff reduces the claim below the requisite amount by stipulation, affidavit, or amendment after removal).

In this case, the Court has little to base its decision on, but for the boilerplate "severe permanent injuries" type language in Plaintiff's standard form New Jersey personal injury complaint and her vague reference to unspecified soft tissue injuries in her brief. (Pl. Br. 9).  There is no precise

description by either party of the actual injuries alleged, the treatment received, the amount of medical expenses or lost wages, the prognosis, the property damages sought or any other detail. Because the complaint does not limit damages to less than $75,000 and because there are no jurisdictional fact disputes, the Red Cab legal certainty test applies. Frederico, 507 F.3d at 196-97. Thus, to have the case remanded, Plaintiff, the challenger to jurisdiction, must prove to a legal certainty that the amount in controversy could not exceed the jurisdictional minimum. Plaintiff has not done so.

Presented with this sort of straightforward factual scenario, at least one court in this district has held that removal was proper where the plaintiff alleged permanent, severe and disabling injuries, along with the need for continued medical treatment. Avant v. J.C. Penney, No. 07-1997, 2007 WL 1791621 (D.N.J. June 19, 2007). In arriving at its holding, the Avant court noted that this district "has found that allegations of serious injuries in addition to pain and suffering indicate that the amount in controversy exceeds $75,000." Id. at *2 (citing Garofalo v. Medtronic, Inc., No. 97-1655, 1997 WL 1049566, at *4 (D.N.J. June 17, 1997)). The Avant court further stated that "this Court generally will not remand a personal injury claim in the absence of a waiver by [p]laintiff capping damages at $75,000." Id. at *2. Further, Plaintiff's refusal to cap her damages has been considered suggestive of her own belief that she may be entitled to compensation in excess of the jurisdictional amount. See id.

The parties' briefing in this case reflected divergent interpretations of Frederico. This Court has also recently observed what appears to be an increase in similar remand disputes in simple slip and fall and car accident cases. Therefore, a brief further comment on the practical effect of the jurisprudence clarified in Frederico is appropriate.

To make the determination of the amount in controversy the court is charged with making a

6

reasonable reading of the complaint to appraise the value of the rights being litigated. In New Jersey, parties seeking unliquidated damages are prohibited from seeking a specific amount of damages in the complaint. Rule 4:5-2. In this Court's experience, personal injury complaints often allege severe and permanent injuries, regardless of the actual injury. This makes almost every state court personal injury case where the parties are diverse removable in the first instance. To remand the case, plaintiff has the onerous task of proving to a legal certainty that the amount in controversy could not exceed $75,000. Thus, most removed personal injury cases will likely remain in federal court even if they involve a very minor injury--unless the plaintiff limits her damages below the jurisdictional limit.

It is understandable that parties (like Plaintiff here) may be uncomfortable with unilaterally capping their damages in the complaint, since juries are basically unrestricted in their ability to award pain and suffering damages. However, pursuant to Frederico it will be hard to remand diversity personal injury cases without an express limitation of damages.

Defendants have done all that is required to establish jurisdiction. In response, Plaintiff has failed to establish that it is legally certain that she cannot recover more than $75,000. As such, this case was properly removed to federal court.

**B.  Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff seeks leave to file an amended complaint to join her insurance carrier, NJ Cure as a defendant. If granted, this amendment would destroy diversity jurisdiction. Plaintiff seeks personal injury protection benefits from NJ Cure. Noting that she was not dilatory in requesting the amendment, Plaintiff contends that joinder is appropriate. Specifically, Plaintiff states that if she is not permitted to join her insurer in this action, she will have to prosecute two lawsuits emanating from the same set of facts in two different forums thereby running the risk of inconsistent results. Plaintiff

also claims that joinder would promote judicial economy.  (Pl. Br. 7)**.**

Federal diversity jurisdiction is determined at the time of removal.  City of Perth Amboy v. Safeco Ins. Co., 539 F. Supp. 2d 742 (D.N.J. 2008)(citations omitted).  However, the district court has the authority to permit joinder of a non-diverse party to a removed case even if it would destroy subject matter jurisdiction.  Specifically, 28 U.S.C. § 1447(e) governs joinder and provides that: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may...permit joinder and remand the action to the State court." 28 U.S.C. §1447(e).

In determining motions to amend under § 1447(e), district courts in this Circuit as well as other districts  regularly consider the factors established by the Fifth Circuit Court of Appeals in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  Perth Amboy, 539 F. Supp. 2d at 746 (citing Doe v. Soc'y for Creative Anachronism, Inc., No. 07-1439, 2007 WL 2155553 at *3 (E.D. Pa. July 25, 2007) ( district courts in the Third Circuit utilize the Hensgens approach)).  The  Hensgens factors are: (1) whether the purpose of the proposed amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured if the motion is not granted; and (4) any other equitable factors.  Hensgens, 833 F. 2d at 1182.

The first Hensgens factor is whether the purpose of the proposed amendment is to defeat jurisdiction.  Arguing that the proposed amendment to join the non-diverse party is clearly intended to defeat diversity, Defendants contend that Plaintiff's bad-faith insurance coverage claim is entirely distinct from her personal injury negligence action and should not be joined for any purpose. However, Plaintiff has demonstrated that the primary purpose of joining NJ Cure is  to assert a bona fide claim for no-fault benefits against her insurer.   Certainly, Plaintiff has sought remand from the

outset, but there is no evidence that Plaintiff's motive in seeking to add NJ Cure is improper or is anything other than an interest in a single resolution of all claims emanating from the accident. Plaintiff did not even become aware of the existence of her claim against NJ Cure until June 5, 2008 when the insurance carrier first advised of its denial of payment for further medical treatment. (Reply Br. 2). Therefore, the claim against NJ Cure could not have been brought, or even anticipated, by Plaintiff at the time she filed her complaint in state court. Moreover, Plaintiff's claim for medical expense benefits arises out of the same set of facts as her claim for damages from the Defendants. Although there are differences in the legal predicates for the claims there are also many common issues--most notably the nature, cause and extent of Plaintiff's injuries.

Turning to the second Hensgens factor, the Court concludes that Plaintiff was not dilatory in seeking to amend the complaint. Dilatory conduct under the Hensgens analysis takes into consideration the length and nature of the delay. Doe, 2007 WL 2155553, at *3. A plaintiff's conduct may be considered dilatory when the purpose of the delay was to unnecessarily prolong litigation. See Kahhan v. Mass. Cas. Ins. Co., No. 01-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001). Here, Plaintiff became aware of her claim against NJ Cure on June 5, 2008. Plaintiff filed her motion for leave to file an amended complaint on June 18, 2008. Moreover, because the case was only removed to federal court on April 24, 2008, it is in its infancy and joinder of the new defendant will not likely prolong the litigation.

The third Hensgens factor, whether Plaintiff will be prejudiced if the motion is denied, favors Plaintiff. If Plaintiff is compelled to prosecute two separate actions involving common facts in two different forums, it will increase her litigation costs. See e.g., Kahhan, 2001 WL 1454063, at *2 (an increase in litigation costs is evidence of injury to plaintiff). Plaintiff also risks inconsistent results

by having two separate lawsuits arising out of essentially the same set of facts.  (Pl. Br. 7).

Finally, contemplating other equitable factors as directed by Hensgens, the Court finds that judicial economy is served by joinder of the insurer  here.  See Kahhan, 2001 WL 1454063, at *3. Compelling a plaintiff to pursue parallel actions in state and federal court is a waste of judicial resources.  Gilberg v. Stepan Co., 24 F. Supp. 2d 355, 358-59 (D.N.J.1998).  Thus, "[t]he most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties...in one proceeding." Gilberg, 24 F. Supp. 2d at 359 (quoting Carter v. Dover Corp., 753 F. Supp. 577, 580 (E.D. Pa. 1991)).  This Court agrees that it would be inefficient to adjudicate the causes and extent of Plaintiff's injuries in two different forums.

Analysis of the Hensgens factors dictates that joinder of Plaintiff's insurer should be permitted.  Inasmuch as joinder of NJ Cure destroys diversity between the parties, this action should be remanded to state court pursuant to the provisions of 28 U.S.C. § 1447(e).

## **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to remand on grounds of lack of subject matter jurisdiction be denied.  It is further respectfully recommended that that Plaintiff's motion to file an amended complaint be granted and the case should be remanded to state court.

Dated: September 8, 2008  	  	  	         S/ Mark Falk  
  	  	  	  	  	  	**MARK FALK**  
  	  	  	  	  	  	**United States Magistrate Judge**

Orig.: Clerk of the Court
cc: Hon. William J. Martini, U.S.D.J.
All Parties